### GRANT & FINNEY v. BROTHERTON's ADMINISTRATOR, to the use of JANNEY.

1. A bond given under a statute, but not following the words used in the act, lis nevertheless valid; unless the statute prescribes a form, and declares that all bonds not taken in the prescribed form shall be void.
2. The obligatory part of a bond purported that the obligors were bound in the sum of "*two thousand*." By the condition. it appeared that the bond was taken to secure the forthcoming of property of the value of "*one thousand dollars*." Held: that the bond should read as though the word "*dollars*" were inserted after the words "two thousand."

Appeal from St. Louis Circuit Court.

KING for Appellant.

SPALDING and TIFFANY for Appellees.

MAY TERM.
1842.

Grant & Fin-
ney v.
Brotherton's
adm'r. to use
of Janney.

*Opinion of the Court, delivered by Napton, Judge.*

This was an action brought by the administrator of James Brotherton, late sheriff of St. Louis county, on a bond given by the defendants, (plaintiffs in error,) for the forthcoming of property levied on by attachment.   This bond is as follows:

"Know all men by these presents, that we, David Grant, as principal, and William Finney, as security, are indebted unto James Brotherton, sheriff of St. Louis county, or his assigns, in the sum of two thousand; for the payment whereof we bind ourselves, heirs, executors, and administrators firmly by these presents, sealed with our seals, and dated this twenty-sixth day of July, in the year of our Lord one thousand eight hundred and thirty-eight.

"The condition of this obligation is such that, whereas, in virtue of a writ of attachment issued from the St. Louis circuit court, returnable to the November term thereof, in the year eighteen hundred and thirty-eight, at the suit of Nathen E. Janney, plaintiff, against David Grant, defendant, the sheriff of St. Louis county has attached certain property and credits, to wit: all the right, title, and interest of said Grant of and to a certain steam boat called the Motto, together with her furniture and tackle, of the value of one thousand dollars, which have been restored on the execution hereof.   Now, if the said effects so attached and restored, shall be produced and delivered, subject to the judgment of said court, when and where the court shall direct, then this obligation shall be void, otherwise it shall remain in force.

D. Grant, (Seal.)<br>
Wm. Finney, (Seal.)

The defendants craved oyer, and demurred; but afterwards withdrew their demurrer, and pleaded, First, that the obligation was not taken by the sheriff in pursuance of law, but under color of his office; the bond was given for ease and favor, &c., and was therefore void in law; and, second, that the bond was void in law.   To these pleas plaintiff de-

MAY TERM.
1842.

Grant & Finney v. Brotherton's adm'r. to use of Janney.

A bond given under a statute, but not following the words used in the act, is nevertheless valid; unless the statute prescribes a form, and declares that all bonds not taken in the prescribed form shall be void.

murred: the demurrer was sustained, and judgment upon the demurrer for the plaintiffs.

The only question is as to the validity of the bond. It is urged that, because the bond does not pursue the words of the statute, it is therefore void. The act of February 6, 1837, provided that "if any property be seized by an officer by virtue of a writ of attachment, the defendant may retain the possession thereof, by giving to such officer sufficient bond and security, to be approved by such officer, conditioned that such property shall be forthcoming, in good order and condition, when and where the court shall direct, and shall abide the judgment of the court."

It will be perceived, by comparing the bond with the requisitions of the statute, that the bond taken does not go beyond these requisitions, but falls short of them; and so far is more favorable to the party complaining. Nor does the act prescribe any particular form in which the bond shall be taken, or declare that all bonds not taken in the prescribed form shall be void; nor does such an implication arise from the terms of the act, or from the policy which the law designed to promote. United States v. Bradley, 10 Peter's Rep. 115. In England, by statute of 23d Henry VI. c. 9, a prescribed form was given to the sheriff, in which to let to bail persons taken on *capias*, and the statute wholly avoided all bonds taken in any other form by color of his office. The plea adopted by the plaintiff in error in this case, is like the pleas used to avoid obligations which fell within the prohibition of this statute. But there is no objection to a bond taken under the statute of this State, if it be a good bond between the parties at common law, and no conditions are prescribed which have been prohibited by statute. The court is therefore of opinion that the bond in this respect is well enough.

The second and most forcible objection to the bond is the blank in the obligatory part. "In every deed there must be such a degree of moral certainty as to leave on the mind of a reasonable man no doubt of the intent of the parties." Is there this degree of certainty here?

In Cole's administrator v. Hulme, (8 Barn. and Cress.

568,) a similar omission occured in a penal bond, and the court held that as it appeared by the condition that the bond was given to secure various sums of money, described as being composed of pounds, &c., it might fairly be inferred, that the penal part of the bond which was given to secure the payment of those sums, should be in the same species of money; and in furtherance of that intention, the word *pounds* was supplied.

The case now before the court is not altogether that case, but comes within the principle. The obligatory part of the bond purports that the obligors were to become bound in the *sum of two thousand*. It is clear that some species of money was intended; and this may be inferred from the obligatory part of the instrument. And the question is, as it was in Coles v. Hulme, whether from the other parts of the instrument we can collect what was the species of money which the party intended to bind himself to pay.

By reference to the condition of the obligation we see that the bond was taken to secure the forthcoming of some property levied on by the sheriff under an attachment, which property was of the value of one thousand dollars. Can there be any reasonable doubt, that the intention of the obligors was, in order to secure property of the value of one thousand dollars, to become bound in a penalty consisting also of *dollars?* If so, the bond should read as though the word dollars were inserted.

Let the judgment be affirmed.

MAY TERM 1842.

Grant & Finney v. Brotherton's adm'r. to use of Janney.

The obligatory part of a bond purporting that the obligors were bound in the sum of "*two thousand,*" By the condition, it appeared that the bond was taken to secure the forthcoming of property of the value of "one thousand dollars." Held: that the bond should read as though the word "*dollars*" were inserted after the words "two thousand."