Judge Birch
delivered the opinion of the court.
The appellant brought his suit in the St. Louis court of Common Pleas, on a bond executed by the defendants, and filed before a justice of the peace of the county of St. Louis-, upon which he obtained and levied an attachment against the plaintiff. The suit was subsequently dismissed by the justice, and the question presented for our consideration is, whether the bond is sufficient to sustain the action commenced upon it. The bond is admitted to be right enough, except in the condition, which is in these words :
“The condition of the above obligation is such, that whereas James H. Berry, as plaintiff, is about to institute a suit before W. B. Harwood, a justice of the peace, within and for Central township, in St. Louis county, Missouri, by attachment against Harvey Cameron, as defendant, returnable on the 26th day of October, 1847, for the sum of ninety dollars. Now, if the said plaintiff shall prosecute his action without delay, and with effect, and shall pay all damages which may accrue to *378 Harvey Cameron, defendant, or any garnishee, by reason of the attachment, or any process or proceeding in said suit, then this obligation to ■be. void, &c.”
The fourth section of the first article of the ‘fact to provide for the recovery of debts by attachment,” enacts that the bond shal} be “conditioned that the plaintiff shall prosecute his aetipn without delay, and with effect, refund all sums of money that may be adjudged to be refunded to the defendant, or found to have been received by the plaintiff and not justly due to him, and PaY damages that may accrue to any defendant or garnishee by reason of the attachment, or any process or proceeding in the suit, or by reason of any judgment or process thereon.”
It will be perceived that the bond taken omits so much of the statutory condition as would (had it been inserted) have obliged the plaintiff in the attachment to ff refund all sums of money that may be adjudged to be refunded to the defendant, or found to have been received by the plaintiff and not justly due him,” and also so much as “ by reason of any judgment or process thereon,” the defendant had been injured, in fhe way of damages.. The breach assigned, however, is that Berry had “failed to prosecute his suit with effect,”—one pf the conditions embraced in the bond, and to which he had committed himself—and the jury having found the issue, and such damages as were proven, for the plaintiff, it would seem that the authorities ought greatly to preponderate against the abvious naturalness of such a proceeding to induce the court to arrest the entry of a proper judgment. So far from this being ■the case, however, the authorities of other courts to which we have referred almost entirely, concur in sustaining a previous decision of this court, (7 Mo. Rep. 458) in which it was substantially holden that where the bond merely fell short of the statutory enumeration in such 'a manner as to be more favorable to the party executing it, he could not be permitted to complain, if, after it had answered all his purposes, he was held liable to its penalties.
For as much, then, as it appears to us that the court below committed an error in sustaining the motion in arrest of judgment, its decision is Reversed, and the cause remanded.