State *v.* Thomas.

STATE TO USE OF OREGON COUNTY, Plaintiff in Error, *vs.* THOMAS *et al.*, Defendants in Error.

1. A bond of a county treasurer executed to the State, instead of the county, as required by statute, is good as a common law bond.
2. A petition which charges that the treasurer has received money "which he neglects and refuses to pay to the county," does not sufficiently assign a breach of the bond. There must be an averment that *warrants* have been drawn upon him by order of the county court.

*Error to Oregon Circuit Court.*

*Gardenhire,* attorney general, for the State. The bond is good although not executed to the county, as required by statute. *United States* v. *Tingey,* 5 Peters, 115. *Grant & Finney* v. *Brotherton's administrator,* .7 Mo. Rep. 460. *Gathwright* v. *Callaway County,* 10 Mo. Rep. 666.

RYLAND, Judge, delivered the opinion of the court.

This was a civil action on a bond executed by Thomas, as treasurer of Oregon county, and by the other defendants in error as his securities. The bond was executed to the State of Missouri. The defendants in error demurred to the petition because the bond was not executed to Oregon county, as required by the statute, and also because the assignment of the breaches was not sufficient. The court below sustained the demurrer, and gave judgment thereon for the defendants. The case is brought to this court by writ of error. The following is a copy of the bond :

"Know all men by these presents, that we, John Thomas, as principal, and G. W. Thomas, Peter Bingaman, John Gosley, Jacob Casey, William Depriest, Elwin Cameron, James Lasbey, Solomon C. Depriest, William H. Campbell, Samuel H. Smith, and R. Aden, as his securities, are held and firmly bound unto the state of Missouri, in the just and full sum of two thousand dollars, lawful money of the United States, for

payment whereof, we bind ourselves, our heirs, executors and administrators, severally and jointly, firmly by these presents. Sealed with our seals this twenty-second day of January, in the year of our Lord eighteen hundred and forty-nine.

The condition of the above obligation is as follows: that if the above bounden John Thomas, treasurer of the county of Oregon, shall truly and faithfully discharge all the duties incumbent upon him, as treasurer aforesaid, according to law, then this bond to be void, otherwise to remain in full force.

|  |  |
|---|---|
| JOHN THOMAS, | (seal.) |
| G. W. THOMAS, | (seal.) |
| PETER BINGAMAN, | (seal.) |
| JOHN GOSLEY, | (seal.) |
| JACOB CASEY, | (seal.) |
| WM. DEPRIEST, | (seal.) |
| ELWIN CAMERON, | (seal.) |
| JAMES LASBEY, | (seal.) |
| SOLOMON C. DEPRIEST, | (seal.) |
| WILLIAM H. CAMPBELL, | (seal.) |
| SAMUEL SMITH, | (seal.) |
| R. ADEN." | (seal.) |

And the following are the breaches set forth in the petition: " The first breach is as follows: Plaintiff states, that the said John Thomas, treasurer of the county of Oregon aforesaid, as such treasurer, received a large sum of money, to-wit: the sum of seven hundred and forty-nine dollars and thirty-four cents, of the proceeds of the sales of the five hundred thousand acres of land, granted to the state, by act of congress approved September 4th, A. D. 1841; and which was distributed to the several counties of this state, share and share alike, by an act of the general assembly of the state of Missouri, approved March 27th, 1845; which said sum of money, to-wit: seven hundred and forty-nine dollars and thirty-four cents, as aforesaid, belonging to said county as aforesaid, he, the said John Thomas, treasurer as aforesaid, has wholly neglected and refused to pay and to refund to said county, and although

often requested so to do, still neglects and refuses to pay the same ; which the said plaintiff assigns as a breach of the condition of said bond and writing obligatory.

The second and last breach assigned is as follows : " And the said plaintiff further states, that the said defendant, John Thomas, treasurer of Oregon county aforesaid, received other large sums of money, to-wit : the sum of seven hundred and forty-nine dollars and thirty-four cents of the funds set apart for the purposes of internal improvement belonging to said plaintiff, which he, the said John Thomas, defendant, (treasurer as aforesaid,) wholly failed to pay to the said plaintiff ; which the said plaintiff assigns as a breach of the condition of the said writing obligatory, signed by the said defendant as aforesaid.

The points on this record are but two, which require the adjudication of this court. First, as to the validity of the bond ; secondly, as to the sufficiency of the breaches assigned in the petition on this bond.

The second section of article first of the act to establish and regulate county treasuries, R. C. 1845, p. 306, declares, that so soon as the treasurer is appointed, he shall enter into bond to the county, in such sum and with such securities, residents of the county, as shall be approved by the court.

The third section of the same article, p. 307, requires the treasurer to live within one mile of the place of holding the courts of the county, to receive all moneys payable into the treasury of the county, and to *disburse the same on warrants drawn by order of the county court.*

1. The first question involves the validity of the bond. It is the opinion of this court, that the bond is valid and binding : the statute no where prescribes the form of the bond ; it says the bond shall be entered into, to the county. This bond was executed to the state, not to the county ; nevertheless, it is a good and sufficient bond at common law, and the omission to take it to the county does not make it void. The notion that a bond taken in any other mode than the one directed in the

statute is void, has no legal basis to rest upon in regard to county treasurers. The statute does not point out the mode and form in which such bonds shall be made, and declare that bonds taken in any other mode or form shall be void. This was the case in England under the 23d Henry VI. chap. 9, which authorized the sheriffs to let to bail persons taken on capias, and which made all bonds void, taken in any other than the prescribed form, by color of his office.

There can be no objection to the bond in this case, as there are no conditions in it contrary to the laws of this state. The first point, then, is ruled by the court for the plaintiff below. *Grant & Finney* v. *Brotherton's administrator*, 7 Mo. Rep. 458. *United States* v. *Tingey*, 5 Peters, 128. *Gathwright* v. *Callaway County*, 10 Mo. Rep. 664, where it was held by this court that a bond given to do some public service, although not good as a statutory bond, may yet be good at common law.

2. The second point in relation to the breaches in the petition, must be decided against the plaintiff below. The breaches are not sufficient. The petitioner must show what constitutes a breach of this bond. The county treasurer can only pay out moneys coming from the treasury of the county, under and by virtue of warrants drawn on him, by the order of the county courts. In this case, the simple allegation in the first breach is, that "he, the said John Thomas, treasurer as aforesaid, has wholly neglected and refused to pay to said county the aforesaid sum of seven hundred and forty-nine dollars and thirty-four cents, belonging to said county, although often requested so to do," &c. There is no averment that the county court ever made an order for a warrant on said treasurer, or that a warrant was ever drawn on the treasurer for any part of the said sum of money, and his refusal to pay it ; or that he was ever required to pay out any money from the county treasury, and refused to pay or disburse the same. This breach is entirely insufficient. The second breach is still more general and more defective ; the second alleges the receipt by John

Thomas, treasurer of Oregon county, of large sums of money, to-wit : the sum of seven hundred and forty-nine dollars and thirty-four cents, belonging to the said plaintiff, which he, the said John Thomas, treasurer as aforesaid, wholly failed to pay to said plaintiff."

The condition of the bond in this case is, that said " John Thomas, treasurer of the county of Oregon, shall truly and faithfully discharge all the duties incumbent upon him, as treasurer aforesaid, according to law." The statute prescribes his duties, and by it he can only pay out the moneys in the county treasury, by warrants drawn on him by order of the county court. This case does not show that any warrants were ever drawn on him, or that he ever failed to pay whatever warrants were properly drawn on him. The breaches assigned in the plaintiff's petition, then, are not sufficient, and the court below properly sustained the demurrer to the petition. The bond is good and valid—the breaches not properly assigned. The judgment upon the demurrer, therefore, is affirmed, the other judges concurring.