RUBELMAN HARDWARE COMPANY, Respondent, v. G. H.
GREVE ET AL., Appellants.

APPEAL from the St. Louis Circuit Court.—BARCLAY, J.

St. Louis Court of Appeals, May 19, 1885.

1.  BONDS—STATUTORY AND COMMON LAW.—A bond which does not fol-
low the statute may, nevertheless, be enforced as a common law
bond, if its terms are not limited or restricted by statute.

2.  ——— The interpolation of extra-statutory conditions will not mod-
ify the force of a statutory bond or impair the force of its statutory
stipulations.

3.  ——— INJUNCTION BONDS.—Conditions not imposed by statute will
not be enforced when inserted in an injunction bond which contains
all the statutory conditions.

*Reversed and dismissed.*

P. E. BLAND, for the appellants.

HENRY W. BOND, for the respondent.

LEWIS, P. J., delivered the opinion of the court.
This is a suit upon a penal bond whose condition is
thus set forth: "The condition of the above obligation
is such, that, whereas G. H. Greve, on the 30th day of
August, A. D. 1882, obtained a restraining order or in-
junction against Isaac M. Mason and Geo. A. Rubelman
Hardware Company.   Now, if the said G. H. Greve shall
pay all damages that may be occasioned by said restrain-
ing order or injunction and abide the decision which shall
be made therein, and pay all sums of money, damages,
and costs, that shall be adjudged against him if the in-
junction or restraining order be dissolved, then the above
obligation to be void, otherwise to be and remain in full

force and virtue." The stipulation. that the obligor "shall pay all damages that may be occasioned by said restraining order or injunction," is not found in Revised Statutes, section 2710, which provides for the giving of injunction bonds, but the other stipulations are strictly what the statute prescribes. The only breach assigned in the petition is upon the stipulation which does not appear in the statute. There was a judgment for the plaintiff. The question brought up by this appeal is, whether an action is maintainable on the breach alleged.

The argument for defendants stands upon the general proposition that, where a statutory bond contains stipulations additional to those prescribed by statute, such additional stipulations are nullities, and rests upon the authority of *Dorriss v. Carter* (67 Mo. 544), as having established this rule in Missouri. It is difficult to understand why the citation is so relied upon. In the whole report of that case, there is not a word about the effect of an extra-statutory condition in a statutory bond. The bond there sued on is described as "a statutory injunction bond," and does not appear to have contained any but the statutory conditions. The court found that not one of these was shown to have been broken, and that the pretended breach did not fit the stipulations. The decision has not the least relevancy to any question in the present case.

As a general proposition, all parties have a right to agree, in the form of a penal bond, or otherwise, upon any undertaking which is not prohibited by positive law, or forbidden by public policy. It is the leading function of civil courts to enforce all such undertakings, as far as practicable, whenever called upon by aggrieved contracting parties. This fundamental principle furnishes the key to numerous adjudications which hold that a bond given in aid of a statutory proceeding may depart from the statutory form, and yet be a good common law bond; and to say that it is a good common law bond, means nothing more than that it binds the obligor to a lawful act, and is not lacking in the essentials of mutuality and sufficient consideration. Thus, in *Barnes v. Webster* (16 Mo. 265),

Scott, J., says: "All bonds, though voluntary, if they do not contravene public policy, nor violate any statute, are valid and binding on the parties to them." As to what constitutes a voluntary bond, it is apparent that a bond given in conformity with a statute, so as to effect a contingent statutory purpose, is not voluntary, because the obligor is compelled to give it, in order to secure a remedy or right. But if the bond, although intended for a statutory object, be not such as the statute requires, it is to that extent voluntary, and is enforceable or not, according to common law principles; subject, of course, to any direct statutory restriction. Such a restriction may be found in cases where the statute expressly prohibits certain conditions in a bond, or declares that a bond taken in any form, other than the one prescribed, shall be void. It was held in *Grant v. Brotherton* (7 Mo. 458), that "a bond given under a statute, but not following the words used in the act, is nevertheless valid; unless the statute prescribes a form, and declares that all bonds not taken in the prescribed form shall be void." Said Judge Napton: But there is no objection to a bond taken under the statute of this state, if it be a good bond between the parties at common law, and no conditions are prescribed which have been prohibited by statute. *The State ex rel. v. O'Gorman* (75 Mo. 370), was the case of an official bond which did not contain all the statutory conditions. Said Norton, J.: "It is also insisted that the bond sued upon is not sufficient to bind defendants because it does not contain all the conditions prescribed by the statute. Conceding the bond not to be good as a statutory bond, the conclusion drawn from this fact by counsel by no means follows. If not good as a statutory bond, being voluntary, it is nevertheless good as a common law bond, and the parties executing it are bound by all the conditions it contains, and to the full extent of such conditions." See also, *The State to use v. Thomas*, 17 Mo. 503.

The Missouri adjudications supposed to bear upon the present case are separable into three classes: In the

first class, the bond given in aid of a statutory proceeding either does not contain all the conditions for which the statute provides, or else, while containing all those conditions, is burdened with some additional ones not provided for in the statute. But in every case of this class, the suit is founded upon a breach of one or more of the statutory conditions expressed in the bond. The condition is justly enforced against the obligor, since he has realized the advantages of a proper statutory bond, and cannot now be heard to deny his amenability to the resulting common law as well as statutory obligation. *Grant v. Brotherton,* 7 Mo. 458; *The State ex. rel v. O' Gorman,* 75 Mo. 378; *Flint v. Young,* 70 Mo. 225. In the second class may be placed cases wherein the bond is given in connection with judicial proceedings, but not in a state court, and is therefore not in any sense a Missouri statutory bond, however nearly it may resemble one in form or contents. In such matters, the federal courts are not bound by state statutes, and a bond required or taken before such a tribunal can not be regarded in state courts otherwise than as a common law obligation; so that all its conditions will be enforced, unless violative of some rule of law. *Barnes v. Webster,* 16 Mo. 265; *Wash v. Lackland,* 8 Mo. App. 122. The third class comprises cases wherein, by reason of a change in the name of the obligee, or some other radical departure which takes the bond wholly out of the statute, it becomes, as it were, an independent obligation; and so will be governed by common law principles of interpretation. In these cases, also, the obligors have secured the benefits for which their promises were given, and the conditions sought to be enforced are in violation of no law or rule of public policy. *Gathwright v. Callaway Co.,* 10 Mo. 666; *The State to use v. Thomas,* 17 Mo. 503; *Henoch v. Chaney,* 61 Mo. 132; *Wood v. Williams,* 61 Mo. 63.

The case we have now to determine belongs to no one of these classes. It is the first of its kind that has appeared in the appellate jurisdictions of Missouri. It is exceptional in the fact that, while the bond sued on is legiti-

mately statutory, and has effected its statutory purpose, it is not here proposed to enforce a statutory condition. All the cases show that the interpolation of extra-statutory conditions will not modify the force of a statutory bond, or impair the efficacy of its statutory stipulations. But that an extra-statutory stipulation in such a bond may be enforced alone, is quite another proposition. The statute offered to the obligor a restraining order upon certain conditions, and subject to certain consequences in specified contingencies. The terms of the present bond subject him to a condition not imposed by the statute, and this action seeks to fix upon him consequences which were not suggested in the statutory proposal, and which curtail its benefits in a way not warranted by the law. Such a condition is contrary to the manifest policy of the law, and is therefore void. If the obligor has realized the benefits for which the bond was given, he has, in the statutory undertakings, supplied the whole consideration for them which the law exacted. It is as if A should direct his servant to sell a piece of property to B for a certain price. The servant puts an advance upon the price for his own benefit, and pockets the difference. This is no less a fraud on the intentions of A, because B was willing to pay the excess. The extra-statutory undertaking is without any consideration which the law will recognize. Precedent and authority are not wanting for these conclusions. "When a bond is taken under a statute, it ought to conform in substance to the requisitions of the law; and if it goes beyond the law it is void, so far as it exceeds those requisitions." *Armstrong v. U. S.*, 1 Peters C. C. 46. "Where a statute requires an official bond, and prescribes substantially the terms of it, it must conform to the requisitions of the statute; and if it goes beyond them it is void, so far at least as it exceeds those requisitions." *U. S. v. Howell*, 4 Washington 620. "* * * But where the statute only directs the condition of the bond, and does not avoid it, if it should not conform to the directions, and something more than that condition is added to it, the bond may be allowed to cover the au-

thorized part of the condition, and so much may be recovered under it, and *no more.*" *U. S. v. Brown*, Gilpin 179. "A bond may, by mutual mistake or accident, and wholly without design, be taken in a form not prescribed by the act   *   *   *.   Where the act speaks out, it would be our duty to follow it; where it is silent, it is a sufficient compliance with the policy of the act, to declare the bond void, as to any conditions which are imposed upon a party beyond what the law requires. This is not only the dictate of the common law, but of common sense.   We think, then, that the present bond, so far as it is in conformity to the act   *   *   *   is good; and for any excess beyond that act   *   *   *   it is void, *pro tanto.*"   *U. S. v. Bradley*, 35 U. S. 364.

The judgment must be reversed, and the cause dismissed.   All the judges concur.