THE STATE *ex rel.* JEAN v. HORN *et al., Appellants.*

1. **Offices and Officers**: CONSTABLE, BOND OF IN COUNTY HAVING ADOPTED TOWNSHIP ORGANIZATION : ACTION ON BOND. The official bond of a constable, in a county having adopted township organization, which is executed to the state as obligee, under the general law (R. S., sec. 647), instead of to the township trustee, as required by the township organization act (R. S., sec. 7458), while not a good statutory bond, is good as a common-law bond, and suit may be maintained by the obligee therein against the obligors for a breach of its conditions by any one injured thereby.

2. ——— : ——— : ———. In an action on such bond judgment should be rendered for the amount of the penalty of the bond, instead of the amount of damages found by the jury.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED AND REMANDED.

*Thomas J. Johnston* and *L. M. Lane* for appellants.

(1) The court erred in overruling the defendants' objection to the introduction of any evidence, on the ground that the petition does not state facts sufficient to constitute a cause of action. Nodaway county was, at the date of the alleged bond, under township organization. This fact is admitted by the pleadings. The constable's bond should have been executed to the township trustee as obligee, and approved by the township board. R. S., sec. 7458. In determining the liability of the constable and his sureties for the official acts of the constable, the bond and the statute, in force at the time, must be regarded as the contract between the defendants and the public. *Friedenstein v. McNier*, 81 Ill. 208. There is no obligee in the so-called bond. It is assumed to be made to the state of Missouri. This

is not authorized by statute. R. S., sec. 7458; *Roberts v. Parlin*, 81 Ill. 230. (2) The judgment is erroneous on the record; not in compliance with the statute; simply a judgment on the verdict, and not for the penalty of the bond. R. S., sec. 570; *State v. Fitzpatrick*, 64 Mo. 185.

*Beech & Ellison* for respondent.

(1) The court did not err in overruling the demurrer, nor in its construction of the bond in suit. While this county was acting under the township organization law, and the bond should have been executed to the trustee of Monroe township, as obligee, instead of the state, yet, said bond filled its mission, was accepted and acted upon by all parties as fully as though made to the trustee, and was a good common-law, if not statutory, bond. *Grant v. Brotherton's adm'r*, 7 Mo. 458; *Gathwright v. Callaway County*, 10 Mo. 666; *Barnes to use v. Webster*, 16 Mo. 258; *State ex rel. v. Thomas*, 17 Mo. 503; *State ex rel. v. Thompson*, 49 Mo. 188; *Henoch v. Cheney*, 61 Mo. 129; *Saline County v. Sappington*, 64 Mo. 72; *State ex rel. v. O'Gorman*, 75 Mo. 378, 379. The petition states a cause of action. It sets out the condition of the bond and alleges a breach. *State to use v. Moore*, 19 Mo. 372; *State to use v. Farmer*, 21 Mo. 161. There is no defect of parties plaintiff. The state is obligee in the bond, and is trustee of an express trust, and suit is properly brought in the name of the state to use of respondent. *Barnes to use v. Webster*, 16 Mo. 258; *State ex rel. v. Moore*, 19 Mo. 369, 371; *State ex rel. v. Thomas*, 17 Mo. 503; R. S., sec. 577. Appellants waived the action of the court on the demurrer, by proceeding to trial on the merits. (2) Although the trial court rendered judgment upon the verdict, instead of for the penalty of the bond, with special execution for the damages assessed, yet that will not authorize a retrial of the cause, but

only result in the remanding of the case, with direc-
tions to the circuit court to enter up the proper judg-
ment. *State ex rel. v. Fitzpatrick*, 64 Mo. 90.

BRACE, J.—This is an action against a constable
and his sureties on his official bond, the breach assigned
being the alleged failure of the constable to appraise
and set off to the relator certain personal property,
claimed by him as exempt from seizure and sale by
the constable, under an execution in his hands against
the relator, who was the head of a family. The bond
sued on was executed in accordance with the provisions
of the general law requiring constables to give bonds *to*
*the State of Missouri.* R. S., 1879, sec. 647.

The answer of the defendants, after denying many
allegations of the petition, among others set up the
following defence: "That the county of Nodaway, in
the state of Missouri, was, at the time of the election
of the said Horn as constable, and still is, under town-
ship organization, having adopted the act of the legisla-
ture of this state creating and relating to township
organization in this state, and that Monroe township is
one of the municipal townships of said county, and that
the bond executed by said Horn as constable aforesaid,
and the other defendants as sureties, is not a statu-
tory bond, as required in and by said act of the
legislature establishing township organization, as
aforesaid." This averment was not denied, and stands
admitted on the face of the pleading, and defendants
contend that this action cannot be maintained against
them by reason of the fact that the bond does not con-
form to the requirements of the township organization
act. Section 7458, of that act (R. S., 1879) provides
that, every person chosen or appointed to the office
of constable, before he enters upon the duties of his
office, and within ten days after he shall be notified
of his election or appointment, * * * shall execute

The State ex rel. Jean v. Horn.

with two or more securities an official bond, payable to the township trustee, and to be approved by the township board, which bond shall be conditioned for the faithful discharge of all his official duties."

The only particular in which the bond sued on fails to comply with the provisions of this act is, that the obligee in the bond is "the state of Missouri," instead of "the township trustee," and although, for this reason, it be conceded that it is not a good statutory bond, it does not, therefore, follow that it is not binding on the defendants, nor that this action cannot be maintained. The bond was voluntarily executed by the defendants, for a valuable consideration ; it contains all the essential elements of a valid and binding obligation independent of the statute ; is a good common-law bond ; and a suit in the name of the obligee therein may be maintained against the obligors for a breach of its condition by any person injured by such breach. We think these positions are fully sustained by the following authorities : *Grant v. Brotherton's Adm'r*, 7 Mo. 458; *Gathwright v. Callaway Co.*, 10 Mo. 664 ; *Harney v. Dutcher*, 15 Mo. 91 ; *Barnes v. Webster*, 16 Mo. 258 ; *State to use v. Thomas*, 17 Mo. 503 ; *State to use v. Moore;* 19 Mo. 369 ; *Henoch v. Chaney*, 61 Mo. 129 ; *State ex rel. v. O'Gorman*, 75 Mo. 371 ; *Snider v. Express Co.*, 77 Mo. 523 ; *United States v. Tingey*, 5 Pet. 115.

We find no error in the action of the court on the admission or rejection of evidence, and the instructions presented the law of the case to the jury in an unexceptionable manner. The court erred, however, in rendering judgment for the amount of damages found by the jury, instead of for the amount of the penalty of the bond, and for this error alone the case will have to be reversed and the cause remanded, in order that a proper judgment may be entered upon the verdict. All concur, except Ray, J., absent.