WILLIAMS *et al.*, v. WEBB, *Appellant.*

Division Two, March 5, 1895.

Appellate Practice: BILL OF EXCEPTIONS: PRESUMPTION. Where there are no errors in the record proper, and exhibits called for in the bill of exceptions are not preserved in the record, the judgment of the trial court will be presumed to be correct.

*Appeal from Texas Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*Green & Gardner* for appellant.

(1) It was necessary as a condition precedent to a right to a decree of the court, giving the title to the property in question to the complainants, that they prove that they were the only heirs at law of Joel and Vianna Hinds. (2) The party seeking the aid of a court of equity should show distinctly and unambiguously all the facts necessary to entitle him to that aid. *Shepard v. Shepard*, 6 Conn. 37; *Bank v. Shultze*, 3 Ham. 61; *Mercier v. Lewis*, 39 Cal. 532; *Schnable v. Schnable*, 12 Mo. App. 587; *Keiser v. Gammon*, 95 Mo. 219; *Newham v. Kenton*, 79 Mo. 382. (3) The right, title and interest of the complainants should be stated with clearness, accuracy and precision, and the proof must correspond with the allegations. *Fitzpatrick v. Beaty*, 1 Gilman, 454; *Webster v. Webster*, 55 Ill. 325; *Gibson v. Carson*, 3 Ala. 421; *Thayer v. Lane*, Walk. Ch. 200; *Knox v. Smith*, 4 How. 298; *Newham v. Kenton*, 79 Mo. 382. (4) To warrant a court of equity in establishing title contrary to the terms of a deed, the clearest and most convincing proof must be made.

*Schnable v. Schnable,* 12 Mo. App. 587; *Keiser v. Gammon,* 95 Mo. 217. (5) To warrant a recovery on the ground of fraud, there must be a concurrence of both fraud and injury. *Lennox v. Harrison,* 88 Mo. 491. (6) A decree in equity must be founded upon facts consistent with and embraced within the pleading. *Newham v. Kenton,* 79 Mo. 381. (7) If a state of facts not pleaded is developed at the trial, the pleadings should be amended, otherwise they can not be made the basis of any relief. *Newham v. Kenton,* 79 Mo. 382.

*Orchard & Clarke* for respondents.

GANTT, P. J.—This is a suit to recover certain lands in Howell county, Missouri. The petition contains two counts. One in ejectment and the other a bill in equity to set aside a certain deed made by Vianna Hinds, the mother of plaintiffs, to defendant Webb, because the same was obtained by fraud and undue influence exerted by Webb over Mrs. Hinds, the mother of plaintiffs, by virtue of a fraudulent promise of marriage.

Defendant, for answer to first count of plaintiff's petition, admits that he is in possession of the land described therein, and avers that he is the owner in fee thereof, and for further answer to said count denies each and every allegation therein contained not hereinbefore admitted. Defendant, for answer to second count of plaintiff's petition, admits the execution of the deeds by Vianna Hinds to this defendant; and defendant alleges that said deeds were made and executed for a valuable consideration then and there by him paid to the said Vianna Hinds, and, answering further, defendant denies each and every allegation in said second count contained not hereinbefore admitted;

and having fully answered asks to be discharged with costs.

A jury was waived on the ejectment count, and the cause on both counts was heard by the court, which found for plaintiffs and rendered a decree divesting defendant of all title to all of said lands described in the petition.

On the trial the defendant filed a disclaimer of title to all of the lands, except eighty acres, the northwest quarter of the northeast quarter and southeast quarter of the northwest quarter of section 13, township 26, range 9 west, in Howell county, Missouri.

This cause was heard and determined at the May term, 1892, of the circuit court of Texas county, and judgment rendered on the twenty-first day of May, 1892. Leave was given by the court and stipulation of counsel to file a bill of exceptions in one hundred and twenty days from the date of the judgment and afterward in vacation of the court, a bill of exceptions was filed on the twenty-sixth day of August, 1892. The next term of this court after said appeal was perfected, began on the second Tuesday in October, 1892, on the eleventh day of October, 1892.

By section 2252, Revised Statutes, 1889, "all appeals taken thirty days before the first day of the next term of the supreme court * * * shall be returnable to such next term."

The transcript in this cause was not filed in this court until March 8, 1893, and was not certified by the clerk until November, 5, 1892. Such delays are inexcusable.

The right to recover in ejectment depended on the decree upon the count in equity.

The bill of exceptions filed herein calls for various exhibits, deeds, inventories, receiver's receipts, inscriptions on the tombstone of the ancestor, to show that it

Est. of Glover & Shepley.

was changed so as to show his death occurred in 1875, instead of 1876, as affecting his widow's title in his lands, mortgages, transactions with the bank at West Plains, and notes. Not one of these exhibits is preserved in the record filed here. Under these circumstances the presumptions are all in favor of the correctness of the judgment of the circuit court.

There are no errors in the record proper, and in the absence of the evidence upon which the trial court rendered its decree, the judgment must stand. He who asserts error must show it. We accordingly affirm the judgment. BURGESS and SHERWOOD, JJ., concur.