The State at Relation and to Use of City of Maplewood v. Southern Surety Company, Appellant.—19 S. W. (2d) 691.

Court en Banc, June 29, 1929.

*Ralph & Baxter* and *John H. Haley* for appellant.

· *S. E. Eaken* and *Joseph G. Williams* for respondent; *Walter F. Stahlhuth* and *Hensley, Allen & Marsalek* of counsel.

BLAIR, J.—This is an action upon a bond executed by appellant as surety for George D. Komar, clerk and collector of the city of Maplewood. The trial was by the judge of the Circuit Court of St. Louis county sitting as a jury. From a judgment in favor of plaintiff in the sum of $11,991.78, defendant was granted an appeal to this court. Omitting formal parts, the bond sued on was as follows:

"Know all men by these presents, that we, George D. Komar, as principal, and the Southern Surety Company of Des Moines, Iowa, as surety, are held and firmly bound unto the State of Missouri, in the full and just sum of ten thousand dollars ($10,000) for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents.

"Signed with our hands and sealed with our seals and dated this 7th day of May, 1924.

"The condition of the above obligation is such, that

"Whereas, the above bounden George D. Komar has been duly appointed City Clerk and Collector of the City of Maplewood, St. Louis County, Missouri.

"Now therefore, if the said George D. Komar will execute all process to him directed and deliver and pay over all moneys received by him, by virtue of his offices and discharge the duties according to law, then this obligation shall be void, otherwise to remain in full force and effect."

The petition alleged in substance that Komar was clerk and collector of Maplewood when said bond was executed and during the time it was in force and as such it was his duty to collect all moneys due said city from licenses, permits, taxes, etc., from any and all sources, payable to the city under its ordinances and the statutes of Missouri, and that said bond was given to protect said city.

It is then alleged that, while said bond was in force, Komar in his official capacity collected about $21,000 belonging to said city and failed and refused to turn same over to said city, as he was required to do under the ordinances of the city and the laws of the State and converted said money to his own use, in violation of the conditions of said bond, and that Komar was insolvent and the shortage could not be collected from him. By reason of such facts and the execution of said bond, it is alleged that appellant became in-

debted to plaintiff in the sum of $10,000, the penalty of the bond.

Then follow allegations upon which plaintiff based its claim for an allowance of damages and attorneys' fees in an additional sum of $3500, because of alleged vexatious refusal of appellant to pay the principal sum of said bond.

After its demurrer to said petition had been overruled, appellant filed its answer, which was an unverified general denial. At the conclusion of the evidence by plaintiff, appellant offered an instruction in the nature of a demurrer to the evidence. This was refused. Appellant then rested its case without offering further evidence. Thereafter the following entry of record appears:

"Trial by court resumed and concluded, submitted. Finding and judgment for plaintiff in sum of $10,000, penalty of bond and $391.78 interest and court finds there is vexatious delay and judgment for plaintiff in addition for $600 damages and $1,000 attorney fees, total $11,991.78 and costs against defendant and execution to issue for said sum."

No one can read this record without concluding that appellant, in effect, admitted that Komar was short more than $10,000 in his accounts with the city during the life of the bond. Objections were made to the manner of showing such shortage, but the shortage itself must certainly be regarded as proven, if not admitted. The trial judge had before him certain records kept by Komar and stubs of receipts issued by him, which were offered in evidence as tending to show collections by Komar and a shortage in his accounts, and appellant has not seen fit to set forth the contents of such exhibits in its abstract. The presumption must, therefore, be indulged that such contents tend to support the finding made by the court that a shortage of not less than $10,000 existed. [Williams v. Webb, 127 Mo. 150, 1. c. 152, 29 S. W. 998; Reed v. Peck, 163 Mo. 333, 1. c. 336, 63 S. W. 734; Sinclair v. Railroad Co. (Mo. App.), 253 S. W. 380.]

The failure of appellant to deny under oath the execution of the bond sued on confessed the execution thereof. [Sec. 1415, R. S. 1919.] The bond was drawn by appellant's own agent. It recited that Komar had been duly appointed as city collector and obligated appellant to make good any failure of Komar to pay over all moneys received by him by virtue of said office.

The demurrer to plaintiff's evidence must be regarded as well overruled, if the evidence complained of was properly admitted. Such admission of evidence, together with assignments of error in overruling appellant's demurrer to the petition and adjudging that plaintiff was entitled to damages and attorney's fees for vexatious

158

refusal to pay, are urged here as grounds for reversal of the trial court's judgment.

As appellant did not stand on its demurrer to the petition and answered over after such demurrer was overruled, said petition must be adjudged sufficient, unless it entirely fails to state a cause of action. The petition is said to be fatally insufficient because it failed to plead ordinances of the city of Maplewood creating the office of city clerk and *ex officio* city collector and defining the duties of said city collector in respect to moneys coming into his hands. The action was based upon alleged breach of appellant's contract of suretyship and not upon any ordinance of the city. Such ordinances merely constituted evidence tending to show that such breach of contract occurred and it was not necessary to plead them in the petition. [Bailey v. Kansas City, 189 Mo. 503, l. c. 514, 87 S. W. 1182; Kinney v. Met. St. Ry. Co., 261 Mo. 97, l. c. 113, 169 S. W. 23.] Ordinances setting forth the duties of the city collector were put in evidence. The cases cited by appellant have been examined. They are not in conflict with the rule announced in the cases above cited. The assignment is without merit.

It will be noted that the bond ran to the State of Missouri instead of the city of Maplewood. It is said that the conclusion alleged in the petition, that said bond was in fact given to protect the city of Maplewood, was not a sufficient allegation of that fact and that the facts proving that the bond was executed for that purpose should have been alleged.

The recitals of the bond were that it was executed upon the condition that Komar had been appointed collector of Maplewood and avoidance of its penalty was conditioned upon said Komar delivering and paying over all moneys received by him by virtue of his office. By its failure to deny execution of the bond under oath, appellant admitted its execution and all the recitals thereof. Appellant therefore admitted that Komar had been appointed city collector and that its obligation was that Komar should deliver and pay over all moneys coming into his hands as such collector. Such payment was to the city, for none other could reasonably have been intended under the language used in the bond.

Although said bond did not by its express terms run to the city as required by Section 8231, Revised Statutes 1919, which is conceded to apply here, it was good as a common-law bond. [Barnes to Use of Hayes v. Webster, 16 Mo. 258; State ex rel. Jean v. Horn, 94 Mo. 162, 7 S. W. 116; State to Use v. Cochrane, 264 Mo. 581, l. c. 593, 175 S. W. 599, and cases cited.]

And further, though the action was not properly brought in the name of the State of Missouri at the relation and to the use of the

City of Maplewood (Sec. 1005, R. S. 1919), the defect of parties plaintiff or the want of capacity in plaintiff to sue, if any, was apparent on the face of the petition and such alleged defect was waived because not taken advantage of by demurrer. [Secs. 1226 and 1230, R. S. 1919.]

Appellant contends that the "terms of the bond itself and the conclusion stated in the petition are contradictory and without some other or explanatory facts being pleaded, the petition certainly does not state a cause of action grounded on the bond pleaded."

We are unable to agree with appellant that the instrument as set out *in haec verba* contradicts the allegations of the petition as to its legal effect. The bond does not expressly state that it was given to protect the city of Maplewood, as the pleader charged its legal effect to be, but, as we have above suggested, the bond itself could not be construed to have been given for the protection of anyone except the city of Maplewood. There certainly is no contradiction between the exact language of the bond and its legal effect as pleaded. We do not understand appellant to be contending that the petition is fatally insufficient, merely because it sets out an instrument *in haec verba,* as well as by its legal effect, where such tenor and legal effect are in harmony. We rule the petition to be sufficient after judgment.

We deem it proper to notice some of the objections urged by the appellant to the admission of evidence. Many of the objections were lodged to questions and answers which could not possibly have prejudiced appellant's defense and we will not unnecessarily lengthen this opinion in their consideration.

Mayor Burks was asked whether or not Komar held any official position in Maplewood from May 7, 1924, to March 30, 1925. The objection lodged to this question was: "We object to that question for the reasons: Not the best evidence; pure conclusion: It would be a position created by ordinance not pleaded." This objection was overruled and the witness answered, "He was City Clerk and Collector." The bond drawn and signed by appellant's agent recited this fact and the execution of the bond was not denied under oath. The fact that Komar was collector was not a fact at issue in the case.

Objection was offered to the introduction of ordinances providing for the assessment and collection of the revenue of the city of Maplewood and defining the duties of the collector in respect thereto and his oath of office and bond. The ground of the objection was that such ordinances had not been pleaded in the petition. As above ruled, it was not necessary to plead said ordinances, because the action was based upon the breach of the bond

and not upon the ordinances and such ordinances were merely evidence tending to prove such breach. There is no merit in assignments of this character.

A further point is made because accountant Muren fixed the shortage of $16,166.27 between the dates of May 7, 1924, and *April 30, 1925*, when it appears that Komar was not acting as collector after *March 30, 1925*. This seems to us to have been a mere inadvertence on the part of the witness. The records and stubs were shown to have been made by Komar while he alone was acting as collector and Mr. Muren's testimony was that the shortage he found was shown by such records and stubs. April 30, 1925, was within the period covered by the bond. We find no merit in this assignment.

Finally, it is contended that the trial court erred in assessing damages and attorneys' fees against appellant for vexatious refusal to pay the bond. The record discloses that, as soon as Komar absconded, appellant as his surety was notified of that fact and advised that his accounts were being examined and appellant was invited to and did send its own representative to participate in examining Komar's accounts. Later its reply to the formal demand of the city that the penalty of the bond be paid was a curt statement that appellant "is not indebted to the city of Maplewood in any sum whatever," together with notice that the letter making the demand had been referred to appellant's counsel. It stands practically admitted that Komar's shortage during the life of the bond largely exceeded its penalty. No reason whatever appears of record why appellant disclaimed liability to the city, unless it be that the bond ran to the State instead of to the city. The defense on that point appears to be that the petition did not plead sufficient facts to declare properly upon the instrument as a common-law bond. The claim put forth by the city gave every appearance from the beginning that it was a bona-fide and meritorious claim. Appellant has never suggested any meritorious defense and, at the trial, sought refuge in the most flimsy and far-fetched technicalities and offered not a syllable of testimony in its own behalf.

Although the rule is well established in this State that an insurance company or a bonding company has the right "to entertain an honest difference of opinion as to its liability, or as to the extent of such liability, under the contract of insurance, and to litigate that difference" (Non-Royalty Shoe Company v. Phoenix Assurance Co., 277 Mo. 399, l. c. 422, 210 S. W. 37; State ex rel. Life Insurance Co. v. Allen, 295 Mo. 307, l. c. 320, 243 S. W. 839), yet it made no showing of non-liability in whole or in part. We are satisfied that there was sufficient proof of facts and circumstances in this record which authorized the trial judge to find that appellant did not entertain

such honest belief concerning its non-liability upon the bond and that its refusal to pay the penalty thereof was wilful and without probable cause. Those were clearly questions for the trier of the facts, if there were facts and circumstances in evidence justifying the drawing of such a conclusion. We find no reason in the case at bar for interfering with the trial court's action in that respect.

The judgment appears to be for the right party and in a proper amount and is affirmed. All concur.