248 S.W.2d 623 (1952)
JAMES
v.
JAMES.
No. 42742.
Supreme Court of Missouri, Division No. 1.
April 14, 1952.
Motion for Rehearing or to Transfer to Denied May 12, 1952.
*624 Blumenfeld & Abrams, Selden Blumenfeld and Stanley M. Rosenblum, all of St. Louis, for appellant.
Silas E. Garner, St. Louis, for respondent.
Motion for Rehearing or to Transfer to Court en Banc Denied May 12, 1952.
DALTON, Judge.
Action in equity to establish that defendant is holding the legal title to described real estate in the city of St. Louis as trustee for the use and benefit of plaintiff and for other relief. The trial court found the issues for plaintiff, held that "the said Arthur L. James does not hold said property in fee simple but as a trustee for Mary L. James," and adjudged that fee simple title to the "described real estate vest and be vested in Mary L. James, subject to such mortgages as are recorded against it." Defendant has appealed. We have jurisdiction of the appeal because title to real estate is directly involved. Section 3, Article 5, Const. of Missouri 1945, V.A.M.S.
We shall refer to the parties as in the trial court. Plaintiff is the wife of the defendant. She married defendant March 11, 1938. On her own behalf, plaintiff testified to certain facts from which an inference can be drawn that she owned the described real estate, also "known as 4363 Finney Avenue," at the time of her marriage to defendant. She also testified directly that she was the owner of the said premises, but, after she had answered the question, an objection was sustained on the ground that the question called for a conclusion. The answer, however, was not stricken. She said that she resided in the property; that she owed money on the property, three or four notes "on the place"; and that these notes were secured by a mortgage to the Home Owners Corporation. The loan was payable in installments at the rate of $35 per month and a number of installments were delinquent. After her marriage to defendant, he made some contribution and plaintiff and defendant, together, paid the delinquent installments on the property.
When plaintiff and defendant were married, defendant had no regular job. Within a few months, defendant asked plaintiff "to sign the property over to him so he could sign bigger bonds. He wanted to make some money, because he had no regular job. * * * He said you can always get it back." The purpose of deeding the property to defendant was "To sign bonds * * * so he could sign bonds." She transferred the property to defendant on May 9, 1938. She said that she was the "Mary L. Ferguson, now Mary L. James" named as one of the grantees in a deed from herself and her husband conveying the premises known as 4363 Finney Avenue to one Kittrick H. Quinn. The deed, after being exhibited and identified, was offered and received in evidence, but it does not appear in the transcript filed in this court and the original deed has not been filed with the clerk of this court. Plaintiff received no consideration of any kind from Mr. Quinn for this conveyance. She did not know and had never known Mr. Quinn. She "didn't know him at all, just someone in the *625 office they said to make it legal." The deed recited a consideration of one dollar, but "there was no money involved." A further deed dated the same date from Kittrick H. Quinn to Arthur L. James, was identified and offered and admitted in evidence. This deed has not been copied in the transcript and the original has not been filed with the clerk of this court. The evidence shows that both of these deeds were executed at "the Recorder of Deed's office," but it does not appear from the record presented here that either deed was ever filed for record.
After the deeds were executed and delivered, plaintiff "went on just the same." She lived in the property, rented the property, collected the rents and saw that the property was kept in repair. She did not ask to have the property reconveyed to her prior to 1942. In 1942, she did request defendant to reconvey the property to her, but no action was taken. "He said I will give it back to you any time you want it, but there is no need of it." In 1942, he also told her, "You can get it back any time." It was an oral promise. Later, "he said just leave it as is, I will always take care of it." At one time he did promise he would reconvey it, but no reconveyance was made. After he went away and left her on August 18, 1949, she determined she wanted the property returned. She gave him several months and then filed this suit. "Everything was all right up until '42." She didn't think he was trying to deceive her. In 1942 he ran her out of the house. In a day or so, she called up, asked to come back and returned to her home. In 1945 he told her he would kill her if she sued for divorce or tried to have "the property changed." Plaintiff and defendant separated on August 4, "he went out himself," and on August 18 he took his clothes and left. At that time he said, "I told you I was going to leave, and now I am going." This suit was filed November 12, 1949.
Appellant views the action as one to set aside and cancel the said conveyances for fraud in their procurement. He here contends that the ten-year statute of limitations is a bar to respondent's cause of action; and that "the weight of the evidence is insufficient to support the trial court's decree." Appellant further insists that "a promise to reconvey title to real estate must be in writing and, if not in writing, it is within the Statute of Frauds and void."
Appellant's contention that the action is barred by the ten-year statute of limitations is based upon the theory that this "is an action to set aside a deed for fraud" and is one for the recovery of lands within the meaning of Sec. 516.010 RSMo 1949, V.A. M.S. Appellant says that, since the deeds were executed and delivered on May 9, 1938, and the suit was instituted on November 12, 1949, the action cannot be maintained, even though respondent did not discover the fraud until after 1942. Kober v. Kober, 324 Mo. 379, 23 S.W.2d 149, 152; Parish v. Casner, Mo.Sup., 282 S.W. 392, 409; Branner v. Klaber, 330 Mo. 306, 49 S.W.2d 169, 176; Coleman v. Alderman, 357 Mo. 758, 210 S.W.2d 994.
We do not construe the petition as purporting to state an action to set deeds aside for fraud in their procurement and to thereby recover the described real estate. While the petition contains allegations tending to show fraud, towit, that her husband "had no intention of actually becoming a bondsman, but was scheming to defraud petitioner and get title and control of her property" and that "she was not aware of the real intention of her husband," and while the petition contained an allegation that "she agreed to transfer her said property to him so that he could qualify as surety on appearance bonds in the criminal and police courts of the city of St. Louis * * * upon his promise to reconvey same to her upon her request * * *" nevertheless upon a reading of the entire petition it is clear that plaintiff sought to state a cause of action to establish her ownership of the described property upon the theory of a resulting trust. The relief sought was "that the court make a finding that defendant is holding said property as trustee, and not in fee, for the use and benefit of petitioner"; that defendant be required to convey the property to plaintiff and for other relief. Plaintiff's evidence was clearly offered upon the theory of a resulting trust. The court's decree to some extent followed the allegations *626 of the petition and found that fraud and fraudulent concealment were established; that the representations of the husband were not in good faith; and that fraud was practiced upon the plaintiff. The court further found facts showing that plaintiff was the owner of the described property; that she conveyed it through a straw party to defendant; that there was no consideration for the transfer; that she "transferred the title to him for the sole and only purpose of permitting him to use it as a basis for qualification to make bail bonds in the criminal courts of the city of St. Louis, State of Missouri, and for no other reason"; that "the said Arthur L. James does not hold said property in fee simple but as a trustee for Mary James; and that the legal title remains in Mary James." These findings sufficiently show that the court determined the issues on the theory of a resulting trust.
In any event, whether the action be considered as one to set aside and cancel deeds for fraud in their procurement or as one to establish a resulting trust, the action is not barred by Sec. 516.010, supra. That section in part provides: "No action for the recovery of any lands * * * shall be commenced, had or maintained by any person * * * unless it appears that the plaintiff * * * or other person under whom he claims was * * * possessed of the premises in question, within ten years before the commencement of such action."
Since plaintiff testified that there was no change in possession after the deeds were made; that she "went on just the same," lived in the premises, collected rents, kept the property in repair and was still in possession of the property at the time of the trial, we think it clear that her action was not barred by Sec. 516.010. She was never out of possession and control of the property, except for "about a day" in 1942. Further, the evidence shows no repudiation of the trust by defendant and no request by plaintiff for reconveyance prior to 1942. Since plaintiff remained in possession of the real estate, no cause of action accrued to her until knowledge of defendant's repudiation of the resulting trust by defendant was brought home to her. Her action was not barred by the statute relied upon. Meyer v. Wise, Mo.Sup., 133 S.W.2d 321, 323. The assignment must be overruled.
With reference to appellant's abstract statement, "a promise to reconvey title to realty must be in writing, is within the statute of frauds and void," it may be said that the action does not purport to be based upon the oral promise alleged in the petition. Further, the Statute of Frauds, Sec. 432.010 RSMo 1949, V.A.M.S., was not pleaded as a defense to the action. The testimony with reference to defendant's oral promise (made after the execution of the deeds) to deed the property back to plaintiff was not objected to by defendant, and the same matter was reviewed and again brought out on cross-examination without any reference to the statute of frauds. We find no merit in this contention.
Finally it is contended that the weight of the evidence is insufficient to support the trial court's decree. The decree is based solely upon plaintiff's testimony and upon the two deeds which were offered and received in evidence. No other testimony or evidence was offered. Under this heading, appellant contends (1) that there is no evidence to support a finding that plaintiff owned the described premises at the time of her marriage to defendant; (2) that, "even conceding that a confidential relationship existed between the parties," there is no evidence that the deed was procured by fraud, duress or undue influence; (3) that the "evidence does not show fraud so clear, cogent and convincing as to justify the cancellation of a deed"; and that "there has been no showing that appellant failed to sign bonds for their mutual benefit and so support respondent; in short, there has been no showing of fraud."
As stated, we think the facts testified to by plaintiff were entirely sufficient to sustain a finding that plaintiff was the owner of the described real estate at the time of her marriage to the defendant. The testimony shows that she lived in the property for more than ten years, she owed money on the property, the indebtedness was evidenced by notes secured by a mortgage on the property and she made payments *627 on the delinquent installments. Further, she collected rents and kept the property in repair and within two months after her marriage to defendant, at his request and for the purposes stated, she executed a warranty deed conveying the property to one Quinn, so that her husband could acquire title and be able to qualify to sign bonds. There was no evidence to the contrary.
As to the second and third points, we have already held that the cause of action stated and ruled was not one for the purpose of cancelling deeds on account of fraud in their procurement.
Appellant further argues that "the deed in question, if there be one, was never made a part of the record." He also says, "If there was a conveyance of May 9, 1938, there is no evidence to show any interest in respondent (plaintiff) either before or after said conveyance; there is no evidence to show that the appellant (defendant) claims any interest in the property, nor is the property anywhere described upon which the court's decree seeks to act." The petition and the decree contain a sufficient legal description of the property in question with the further words, "being premises known as 4363 Finney Avenue." In the examination of plaintiff with reference to the execution of her deed to Quinn, the deed was referred to as one to the "described premises known as 4363 Finney." Any connection between this deed and the deed from Quinn to defendant was excluded upon defendant's objection that "the deeds speak for themselves." While the transcript shows that these deeds were identified, offered and received in evidence, appellant has not included them in the transcript, nor filed the originals in this court. He now contends, as stated, that the record contains no description of the property to support the description in the trial court's decree. The deeds which were in evidence should have been included in the transcript or filed in this court. Mays v. Jackson, 346 Mo. 1224, 145 S.W.2d 392, 398(4, 5), 399(12); Supreme Court Rule 1.05. In the absence of these exhibits we must assume that they properly described the property and that the trial court properly incorporated the description from the deeds into the decree. State ex rel. and to Use of City of Maplewood v. Southern Surety Co., 323 Mo. 150, 19 S.W.2d 691, 693. Error in the decree may not be established by the omission of deeds shown to have been offered and received in evidence. Mays v. Jackson, supra. On appeal, the presumption is that the trial court's decision was correct, and the burden is on appellant affirmatively to show error as a condition precedent to reversal. State to Use of Consolidated School Dist. No. 42 of Scott Co. v. Powell, 359 Mo. 321, 221 S.W.2d 508, 511.
With reference to appellant's contention that the evidence fails to show any claim of defendant to the property. Defendant's answer was in effect a general denial or an allegation of insufficient knowledge or information to be able to admit or deny, but the evidence shows that the purpose of having the deeds executed and delivered was to transfer the property to defendant; and that the deeds were executed and delivered. It also shows that plaintiff requested defendant to reconvey the property to her and he refused to do so; and that he made threats against her, if she tried to have "the property changed." The evidence was sufficient for the purpose mentioned.
Appellant does not argue the insufficiency of the evidence to sustain the decree, except on the theory of fraud, duress and undue influence. However, the appellant's assignment does say that "the weight of the evidence is insufficient to support the trial court's decree." Since we have held that the action was brought, tried and decided upon the theory of a resulting trust, we will determine the sufficiency of the evidence on that theory.
"A resulting trust, as distinguished from an express trust, is one implied by law from the acts and conduct of the parties and the facts and circumstances which at the time exist and attend the transaction out of which it arises." Little v. Mettee, 338 Mo. 1223, 93 S.W.2d 1000, 1009(8, 9). The applicable law with reference to resulting trusts is well reviewed in Jankowski v. Delfert, 356 Mo. 184, 201 *628 S.W.2d 331, 334, and need not be further reviewed here.
In this case the facts and circumstances show no consideration for the transfer of title from plaintiff to defendant and that no gift of the property was intended at the time of the transfer to defendant. A trust resulted in favor of plaintiff. Clark v. Clark, 322 Mo. 1219, 18 S.W.2d 77, 81; Mays v. Jackson, supra; Jankowski v. Delfert, supra.
It is apparent that the trial court accepted plaintiff's testimony as true. There was no conflicting evidence. Defendant offered no evidence. In such circumstances, where plaintiff testified to sufficient facts to clearly make out a case for a resulting trust and the trial court believed and acted upon her testimony, we cannot say that the evidence was not sufficiently clear, cogent and convincing to sustain the court's action. We should and do defer to the action of the trial court.
The judgment is affirmed.
All concur.