Able v. Union Insurance Co.

————◄●●●►————

ABLE *et al.*, Plaintiffs in Error, v. UNION INSURANCE COMPANY, Defendant in Error.

1. Reformation of a written agreement on the ground of mistake will be decreed only when the proof of the mistake is clear and satisfactory.
2. Where the reformation of a written instrument is sought, the petition should state the terms of the contract as sought to be reformed with certainty.

*Error to St. Louis Court of Common Pleas.*

This was an action on a policy of insurance on the freight list of the steamboat Australia from St. Louis to Fort Pierre, on the Missouri river. The policy was made out " against the absolute total loss of the boat by burning or sinking." The prayer of the petition was twofold; first, for a reformation of the policy by making it declare the insurance to be " against absolute total loss only," and secondly, for judgment as for a total loss.

The case was tried by the court sitting as a jury. The court found the facts and rendered judgment thereon for the defendant.

*Hudson & Thomas,* for plaintiffs in error.

I. The policy in question does not contain the terms of the agreement entered into by the parties, but on the contrary contains a clause wholly at variance with the agreement, and if sustained would render the policy utterly valueless to the plaintiffs as a contract of assurance. The clause in the policy declaring the insurance to be " against the absolute total loss of the boat" was wholly unauthorized and in direct violation of the agreement between the parties. The testimony shows indisputably that the agreement between Able and Risley was that the plaintiff should be insured against a total loss of the freight list. Not one word was said, nor even an allusion made to the loss of the boat. The freight list was the subject insured. The defendant by agreement insured the plaintiffs against loss on their freight list, received their money for the premium, and after this, without the knowledge or consent of plaintiffs, inserted a clause in the policy which was not contemplated and which destroyed the original agreement between the parties.

*Drake,* for defendant in error.

I. There was no case made for reforming the policy. (Lyman v. U. S. Ins. Co. 3 Johns. Ch. 630; Gillespie v. Morn, id. 585; Henkle v. Royal Exch. Ass. Co. 1 Ves. 317; Andrews v. Essex F. & M. Ins. Co. 3 Mas. 6.)

II. The charter of the company requires all the contracts of insurance to be in writing. If the proof would authorize the court to reform the policy, still the plaintiffs could not have relief, for there is no power in the court to decree that the plaintiffs may recover upon a different contract from that stated in the policy. (2 White's Lea. Cases in Eq. 571; Miller v. Chetwood, 1 Green Ch. 199; Best v. Stow, 2 Sandf. Ch. 298; Chetwood v. Brittan, 1 Green Ch. 438; Elder v.

Elder, 10 Maine, 80 ; Jordan v. Sawkins, 3 Brown Ch. Cas. 388 ; 1 Ves. 402 ; Rich v. Jackson, 4 Brown Ch. Cas. 514 ; Clinan v. Cooke, 1 Sch. & Lef. 22 ; Woollam v. Hearne, 7 Ves. 516 ; Dwight v. Pomeroy, 17 Mass. 303 ; Osborne v. Phelps, 19 Conn. 63 ; Brooks v. Wheelock, 11 Pick. 439 ; Westbrook v. Harberson, 2 McCord, 112.)

III. If the policy is to stand as it is, there can be no recov ery, for there was no absolute total loss of the boat.

IV. If the policy is to be reformed, it must read so as to insure against " an absolute total loss only," and in that case there can be no recovery, because, 1st, the plaintiffs could not abandon for a technical total loss. (Willard v. M. and Man. Ins. Co. 24 Mo. 561.) 2d, The defendant did not contract that the boat should earn freight within any given time. The plaintiffs were not therefore authorized to abandon the voyage on account of a detention of the boat for a long or shorter period. The plaintiffs took upon themselves the chances of a short or of a protracted voyage. (Jordan v. Warren Ins. Co. 1 Story, 342 ; Anderson v. Wallis, 2 Maule & Sel. 240.) 3d, The boat was repaired, and re-engaged in business, and for aught that appears might have performed the voyage ; but her owners made no effort to do so. They had no intention of resuming the voyage at all. Its abandonment was their own voluntary act, without any necessity caused by any peril insured against, and by that act they lost all recourse upon the defendants. (Salters v. Ocean Ins. Co. 14 Johns. 138 ; Jordan v. Warren Ins. Co. 1 Sto. 342.) 4th, In order to entitle plaintiffs to recover there must have been a destruction of the voyage, either by the actual destruction of the whole cargo, so that it could not be delivered in specie, or by at least such an injury to the boat as would authorize her abandonment to the underwriters—that is, a technical total loss. There was no absolute total loss within the terms of the policy. (Ogden v. General Ins. Co. 2 Duer, 204 ; Hugg v. Augusta Ins. Co. 7 Howard, 595.) 5th, The plaintiffs voluntarily gave up the cargo to the shippers and allowed it to be sold without demanding any part of the

freight, although they were entitled to full freight on all they gave up. This was their own voluntary act, without any legal necessity. By it they put an end to the voyage. By thus relinquishing freight which they might have received they lost all claim on the defendant. The defendant's contract was to indemnify them against " absolute total loss only," and the loss could not be said to have been of that character when they were entitled to freight and voluntarily waived an exaction of it. (Herber v. Hallett, 3 Johns. Cas. 93; Griswold v. N. Y. Ins. Co. 3 Johns. Cas. 321; Jordan v. Warren Ins. Co. 1 Story, 342.)

SCOTT, Judge, delivered the opinion of the court.

It is a well settled rule that no written agreement will be reformed unless the evidence produced to show the mistake is clear and satisfactory. It would seem to follow, as a consequence from this principle, that the party seeking to correct a mistake in the terms of a written contract should state in plain and precise language the contract as it was made and understood by those who are to be bound by it. The evidence in support of a contract can scarcely be clear and satisfactory when the terms of the contract themselves are doubtful and uncertain. In the amended petition it is averred that the defendant " agreed to insure and did in fact insure the plaintiffs against total loss on their said freight list from St. Louis to Fort Pierre, against fire and the perils of navigation." After this there comes the following averment: " The defendant received the amount of premium agreed upon, and by its agent agreed to insure and did in fact insure the plaintiffs against total loss from fire and the perils of navigation in the sum of $3333 on the freight list of the said boat from St. Louis to Fort Pierre aforesaid." It is further averred that the defendant agreed to make, execute and deliver to the said Barton Able a policy pursuant to said agreement as soon as the same could be done, and deliver the same to him." After these averments respecting the contract which

was really made between the parties, the petition complains that a policy was delivered to the plaintiff, acting for himself and others, at a time when his engagements did not afford him an opportunity for examining it, which contained the following "*most unreasonable, unusual and unjust clause,*" to-wit : " This insurance is declared to be upon the freight list of the steamboat Australia and only against the absolute total loss of the boat by burning or sinking." The plaintiffs aver that their contract and agreement with the defendant was " that they were insured by the defendant against a total loss of their freight list by the burning or sinking of said boat."

It will not be maintained that the contract last stated by the plaintiffs is consistent with the contract stated in the beginning of the petition. But independently of the difficulties which arise from the face of the petition to granting the relief prayed—which makes it a matter of uncertainty as to what was the real contract between the parties—the evidence, taking it in the most favorble light for the plaintiffs, shows that the contract as agreed upon was a policy on an " absolute total loss only" of the freight list, leaving it to be inferred that it was against the usual perils insured against in the navigation of our inland waters. Thus the evidence on which the plaintiffs rely does not prove that the contract should be reformed as they pray that it may be. To say the least of it, the circumstances, all considered, make it a matter of uncertainty whether the parties ever understood each other in relation to the terms of any agreement. The other judges concurring, the judgment will be affirmed.