JOHN BUNSE, Defendant in Error, *v.* SAMUEL D. AGEE AND JAMES SMITH, Plaintiffs in Error.

1. *Conveyance, suit to reform — Evidence required.*—In a suit to reform a deed, if the mistake be denied by defendant, very positive evidence would be required to establish it; but where the mistake is admitted, a preponderance may be sufficient to show what was intended to be inserted in the place of the erroneous matter. '

*Error to First District Court.*

*A. J. Seay*, with *Lay & Belch*, for plaintiffs in error.

*Ewing & Smith*, for defendant in error.

BLISS, Judge, delivered the opinion of the court.

Defendant Agee conveyed to defendant Smith the north half of the northwest quarter of section 3 of a certain township, describing each forty acres separately, and Smith conveyed the same to the plaintiff. Agee owned no part of the northwest quarter of the section, but did own the northeast quarter, and put Smith in possession of part of said northeast quarter, which possession was by him yielded to the plaintiff. The plaintiff presents his petition to the Circuit Court, alleging a mistake in the conveyance, and that Smith purchased and Agee intended to convey the south half of the quarter-section owned by him, which half the plaintiff purchased of Smith, and which Smith supposed he had conveyed to him. Smith makes default, but Agee answers, admitting the mistake, but alleges that he intended to

convey the north half of the northeast quarter. At the hearing the court allowed the plaintiff to amend his petition by claiming the west half of the quarter-section, and gave judgment for the reformation of the deed, so as to make it convey said west half.

The mistake is admitted, but the parties differ as to what was actually sold and what Agee designed to convey. The only improvement upon the quarter consisted of a house and a ten-acre field near the center, but the house and most of the lot proved to be on the southwest quarter. Agee and his son testify that when the land was sold to Smith he was told that the house was probably on the north half of the quarter-section, but if it proved to be south of the line it was to be given up to Agee. If that be true, it accounts for the fact that, at the sale, possession of the house was surrendered. For, unexplained, the fact of giving possession of the improvement would strongly tend to show that Agee designed to sell that portion of his land which covered it. Agee is very positive as to the portion of the land intended to be conveyed, and his testimony is strongly corroborated. After selling and surrendering to Smith, instead of going north upon that part of the quarter-section claimed to have been reserved by him, he actually goes south and builds a house and makes an improvement upon the south half. This being done with the knowledge of Smith, plainly indicates that they both understood that the north part of the land was sold. Besides, it is proved by other witnesses that Smith understood that he had purchased the north half, although he supposed that the old house was upon it. The evidence in support of the plaintiff's view, other than the fact that possession was taken as before indicated, is very weak. He does not pretend that he knew what part of the quarter-section he was purchasing — only supposed he was buying the land that contained the improvement; and indeed the location of this improvement is all the evidence worthy of consideration which tends to sustain the plaintiff's claim.

If the mistake in the deed had been denied, it would have required very positive evidence to establish it; but when it is admitted, a preponderance may be sufficient to show what was

intended to be inserted in the place of the erroneous matter. There is very far from being such a preponderance as would sustain the correction made by the Circuit Court. Its judgment is therefore reversed and the cause remanded. The other judges concur.