Modrell v. Riddle.

| 82 | 31 |
| 96 | 26 |
| 96 | 601 |
| 82 | 31 |
| 100 | 256 |
| 100 | 281 |
| 82 | 31 |
| 107 | 236 |

MODRELL et al.. Appellants, v. RIDDLE et al.

| 82 | 31 |
| 127 | 289 |
| 82 | 31 |
| 139 | 410 |
| 82 | 31 |
| 143 | 651 |

1. **Deed**: HUSBAND AND WIFE: SURVIVOR. By a deed executed to husband and wife they become seized in entirety of the land conveyed, and the survivor takes the whole estate.

| 82 | 31 |
| 148 | 92 |
| 82 | 31 |
| 168 | 2513 |

2. **Husband and Wife, Money of Latter**: RESULTING TRUST, EVIDENCE TO ESTABLISH. Prior to the act of 1875, money of the wife, not her separate estate, became the property of the husband jure mariti, and if invested in land by him, no resulting trust would be thereby credited in favor of the wife or those claiming under her. To establish such a trust the evidence must be clear, strong and unequivocal; loose declarations of the husband are not sufficient, and testimony of verbal admissions of persons since dead is entitled to but small weight.

| 82 | 31 |
| 171 | 2230 |
| 175 | 2454 |

3. **Mistake in Written Conveyance, Evidence to Establish.**
   It requires the same strength of evidence to establish a mistake in a written conveyance as to establish a trust.

*Appeal from Buchanan Circuit Court.*—HON. WM. H. SHER-
MAN, Judge.

AFFIRMED.

Plaintiffs read in evidence a deed containing covenants
of general warranty, executed March 29th, 1865, by Uriah
Griffith and wife to Hardin Riddle and Mary Riddle con-
veying the land described in the petition. This deed was
duly recorded April 8th, 1865. Plaintiffs further offered
oral evidence to the effect that Mary Riddle furnished the
money to pay for the land in question, and that she objected
to the deed to Hardin Riddle and herself, and wanted the
deed made to herself alone, giving her husband, Hardin
Riddle, only a life interest in it, and it was agreed that a
second deed such as she desired should be made. That
Hardin Riddle, after the death of his wife, endeavored to
purchase the interest of his wife's children by a former
husband, and that he admitted to various persons, before
and after the death of his wife, that he only had a life estate
in the land. Defendants' testimony was, in substance, that
Hardin Riddle stated to several persons that the land in
controversy was his wife's, that her money bought it, and
he only had a life interest in it. To others he claimed the
land as his. That he sold a farm in 1865 for $1,600, and
then moved on to the land in controversy. That he lived
on it about thirteen years and made additions to the house
and otherwise improved the land. Defendants read in
evidence insurance policies and tax receipts, showing that
Hardin Riddle twice insured the house and paid the taxes
on the land; and, also, read in evidence a writing purport-
ing to be a deed from Uriah Griffith and wife, but not the
one read by plaintiffs, conveying the land in controversy to
Hardin Riddle and Mary Riddle, and purporting to have
been acknowledged before Allen Jamison, a justice of the
peace. The plaintiffs, in rebuttal, introduced Allen Jami-
son, who testified that he never took the acknowledgment

to the deed read by defendants, and that the name signed to the certificate of acknowledgment was not in his handwriting.

*James W. Boyd* and *B. R. Vineyard* for appellants.

Mary Riddle paid for the land, and hence a trust resulted by which Hardin Riddle held it as trustee for her and her heirs. *Tennison v. Tennison*, 46 Mo. 77; *Darrier v. Darrier*, 58 Mo. 222. It is contended that this money belonged to Hardin Riddle by virtue of his marital rights. This would not be so unless he received and held it with the intention of becoming the owner of it. If it was her money, and he reduced it to his possession, the law then offered to give it to him, leaving it optional with him to accept or decline it. The law did not both offer it to him, and then compel him to receive and own it. If he received it without any intention to own it, it did not become his. This doctrine is abundantly sustained, by many cases among which are the following, all to the point: *Noble v. Morris*, 24 Ind. 478; *Standeford v. Devol*, 21 Ind. 404; *Gochenaur's Estate*, 23 Pa. St. 460; *Bargey's Appeal*, 60 Pa. St. 408; *Tracy v. Kelly*, 52 Ind. 535. The second ground upon which we ask for such a decree is, Hardin Riddle's name was written in said deed as a grantee by mistake, neither he nor his wife being able to read. Even if this court shall determine that Hardin Riddle, by his marital rights, received the money with which this land was purchased, still if he purchased it for her with this money, and intended it to be conveyed to her, and his name was written in the deed by mistake, then the deed ought to be corrected. The defenses set up are the statute of limitations and that " plaintiffs' pretended claim is stale." They are not sustained. The statute did not begin to run till Hardin Riddle died, 1878, and there was no stale demand. *Dyer v. Brannock*, 66 Mo. 391; *Kelley v. Hurt*, 61 Mo. 463; *Spurlock v. Sproule*, 72 Mo. 503; *Miller v. Bledsoe*, 61 Mo. 96.

Plaintiffs did not know until after Hardin Riddle's death that his name was in the deed. Under the facts in this case plaintiffs have a right to relief in this suit. *Griffith v. Townley*, 69 Mo. 13; *Lewis Evants v. Admr. &c. of Strode*, 11 O. 480; 1 Story's Eq. Jur., § 134 and 480. Acts done and declarations made by one in possession of property against his interest are evidence against himself and those claiming under him, while those made in support of his title are not admissible in his favor, nor in favor of those claiming under him. *Criddle v. Criddle*, 21 Mo. 522; *Wood v. Hicks*, 36 Mo. 326. The court below erred in admitting in evidence the declarations of Hardin Riddle in support of his title. The trial court committed error in over-ruling plaintiffs' objection to the testimony of defendant, Anna Riddle. She was not a competent witness in the case, and certainly not to prove the declarations made to her by her husband. *Holman v. Bachus*, 73 Mo. 49; *Moore v. Wingate*, 53 Mo. 398.

*Ramey & Brown* for respondents.

(1) All personal property (other than separate property) of a wife, whether owned at the time of marriage or afterwards acquired, vests absolutely in the husband. *Woodford v. Stephens*, 51 Mo. 443; *Boyce v. Cayce*, 17 Mo. 47; *Walker Adm. v. Walker*, 25 Mo. 367; *Polk Adm. v. Allen*, 19 Mo. 467; *Clark v. The National Bank of Missouri*, 47 Mo. 17. The reception of such property by the husband does not establish a trust against the husband. *Woodford v. Stephens*, 51 Mo. 443, overruling *Tennison v. Tennison*, 46 Mo. 77. The evidence to establish such trust must be clear and unequivocal. *Woodford v. Stephens*, 51 Mo. 443; *Walker Adm. v. Walker*, 25 Mo. 367. Where a husband by means of marriage acquires absolute right to personal property in possession he cannot be declared a trustee for his wife by loose and general remarks made in conversation, and such trust as to land must be manifested in writing.

*Woodford v. Stephens*, 51 Mo. 443; *Walker, Admr. v. Walker*, 25 Mo. 367. The possession of such money or other personal property by the wife is the possession of the husband. *Walker Adm. v. Walker*, 25 Mo. 367. (2) Evidence, to authorize the correction of such mistake must be clear and unequivocal. *Downing v. McHugh*, 3 Mo. App. 594; *Bunse v. Agee*, 47 Mo. 270; *Able v. Insurance Co.*, 26 Mo. 56; 67 Pa. St. 462; Wharton on Evid. § 1019. Equity will not relieve against mistake when the complaining party had within its reach the means of ascertaining the true state of facts, and without being induced thereto by the other party, neglected to avail himself of his opportunities of information. *Brown v. Fagan*, 71 Mo. 563; Story's Eq. §§ 148, 150; *Buford v. Caldwell*, 3 Mo. App. 447. (3) Equity will not relieve against a pure mistake of law. Story's Eq. §§ 111, 114; *Faust v. Birner*, 30 Mo. 414.

SHERWOOD, J.—This is an equitable proceeding brought in 1880 by plaintiffs as the children and heirs at law of Mary Riddle by a former husband, Modrell, and as the children and heirs at law of Mary Riddle by her second husband, Hardin Riddle. Mary Riddle died in 1867. Hardin Riddle married again. He died in 1878, leaving his wife, Ann Riddle, and child, Ellen Riddle, who are defendants herein. Plaintiffs seek to correct an alleged mistake made in a deed executed in 1865 by Griffith and wife to Hardin Riddle and wife, Mary Riddle, and which conveyed to them certain land in Buchanan county. The petition alleges that the land was purchased by Mary Riddle with her own separate money, that by reason of " mistake, error and oversight," the name of Hardin Riddle was inserted in the deed as one of the grantees, and the prayer of the petition is, that the name of said Riddle be stricken from the deed and the title of the land vested in the plaintiffs.

I. By the legal effect of the deed as drawn, Riddle and wife became seized in entirety of the land conveyed,

and the husband, as survivor, took the whole estate. *Hale v. Stephens*, 65 Mo. 670.

II.   It was not established at the trial that the money of the wife, which it is claimed was used in purchasing the land in controversy, was her separate estate, and consequently that money became the property of the husband, unimpressed with any trust in his hands. It became his *jure mariti*, and if he invested it in the land, as claimed, there could be no resulting trust in favor of his first wife, or those claiming under her. *Woodford v. Stephens*, 51 Mo. 443. And evidence to establish such a trust must be clear, strong and unequivocal. *Woodford v. Stephens, supra*; so definite and positive as to leave no room for doubt in the mind of the chancellor. *Forrester v. Scoville*, 51 Mo. 268. And testimony, as to loose declarations of the husband as to the property being that of his wife, will not be sufficient for that purpose. *Woodford v. Stephens, supra*. And testimony of verbal admissions and statements of persons since dead, is entitled to but small weight in establishing such a trust. *Ringo v. Richardson*, 53 Mo. 385. And the same strength of evidence is necessary to establish a mistake in a written conveyance as to establish a trust. *Bunse v. Agee*, 47 Mo. 270; *Able v. Ins. Co.*, 26 Mo. 56. The evidence in this case on neither point comes up to the required standard.

III.   Moreover, there is evidence tending very strongly to show that it was Hardin Riddle's own money, arising from the sale of his farm, which was applied to the purchase of the land in question.

Therefore the judgment, which went for the defendant, should be affirmed. All concur.