Paul JACOBS, Appellant,

v.

Helen Ann JACOBS, George R. Hunsche, K. E. Harbison and Norma Barrow, Respondents.

No. 43999.

Supreme Court of Missouri.

Division No. 1.

Nov. 8, 1954.

Silas E. Garner, St. Louis, for appellant.

Cobbs, Blake, Armstrong, Teasdale & Roos and Henry C. M. Lamkin, St. Louis, for respondent.

DALTON, Presiding Judge.

Action in equity to establish a resulting trust in described real estate in the City of St. Louis and for other relief. The trial court sustained a motion to dismiss plaintiff's first amended petition for

failure to state facts upon which relief could be granted. Judgment of dismissal was entered and plaintiff has appealed.

Plaintiff's first amended petition alleged that he was lawfully married to defendant Helen Ann Jacobs in the City of St. Louis in 1932; that she was still his lawful wife; that on or about February 5, 1944 with his own funds, obtained from the settlement of a personal injury suit, he purchased and made the down-payment on the described real estate in the City of St. Louis; that he signed the installment notes and mortgage for the balance of the purchase price of said real estate and caused the record title to be placed in the name of Helen Ann Jacobs, his wife; that, at the time the title was so placed, there was no intention to make a gift to his said wife; and that he caused the record title to the property in question to be placed in the name of Helen Ann Jacobs, his wife, "merely as a straw for convenience with no intention at any time of relinquishing the title nor to vest title in Helen Ann Jacobs in her individual property." While it is not expressly alleged that the installment notes for the balance of the purchase price and the "mortgage" to secure the same were also signed by Helen Ann Jacobs, his wife, in whose name he had placed the legal title to the property, we think that inference could be drawn from the allegations in the petition. In fact the appellant has so construed these allegations in that he says the facts alleged therein are that, "The purchase of said property was on the down-payment—installment plan; Paul Jacobs with his own money made the down-payment. Paul Jacobs and Helen Ann Jacobs, his wife, signed the deferred payment notes and the mortgage on said property to secure said notes."

It was further alleged that plaintiff paid all of the installment notes which evidenced the deferred payments on the purchase price and all expenses incident to the purchase of the property, until only a balance of $400 remained unpaid; that, on May 6, 1952, the plaintiff and his said wife obtained a $2,000 loan on said property and executed notes and secured said notes by a deed of trust on the property and from the proceeds of said loan paid off and discharged the $400 balance due on the purchase price of the property; and that, since said date, the plaintiff had paid all installments of principal and interest on the said new indebtedness. The trustee and beneficiary in this last deed of trust were made defendants in the cause but no relief was asked as to them and the validity of the lien of the deed of trust was conceded.

It was further alleged that the purpose of obtaining the $2,000 loan was to repair the property and that after the payment of the balance due on the purchase price of the property and other items, the defendant Helen Ann Jacobs, without plaintiff's knowledge or consent, collected the balance of said loan in the sum of $1,400 and left the City of St. Louis with the four children of plaintiff and defendant.

Plaintiff further alleged that on January 29, 1953, and after the filing in the recorder's office of said city of a notice of lis pendens concerning this action, the defendant Helen Ann Jacobs, without the knowledge or consent of plaintiff, attempted to convey the described property to one Norma Barrow. The said Norma Barrow was joined as a defendant in this proceeding.

It was further alleged that Helen Ann Jacobs had "absconded with the money," being the balance of the proceeds of the $2,000 loan; and that plaintiff had been "defrauded and cheated and that he has no adequate remedy at law."

Plaintiff prayed for a finding that his own funds paid for the described property; that Helen Ann Jacobs held title to the property in trust for plaintiff; that the original deed of conveyance to Helen Ann Jacobs be cancelled and the fee simple title to the described property be vested in plaintiff; that the deed of trust securing the $2,000 loan be "not affected by the cancellation of the deed" to Helen Ann Jacobs; and that the deed of Helen Ann Jacobs to Norma Barrow executed after the institution of this action and after the

filing of the lis pendens notice be cancelled and set aside.

■ Respondent has moved to dismiss the appeal for failure to comply with 42 V.A.M.S. Supreme Court Rule 1.08(a), (b), and (c). Appellant's brief is subject to criticism, but we have reached the conclusion that the motion to dismiss should be overruled, and it is so ordered.

Appellant assigns error on the court's action in sustaining the motion to dismiss his said first amended petition for "failure to state a claim upon which relief can be granted." See Section 509.300 RSMo 1949, V.A.M.S. Appellant in effect insists that the petition sets forth a claim for relief and contains "a short and plain statement of the facts showing that the pleader is entitled to relief, and a demand for judgment for the relief to which he deems himself entitled." Section 509.050 RSMo 1949, V.A.M.S. While no particular kind of trust is mentioned in the petition cases dealing with resulting trusts are cited in support of appellant's contention that his petition is sufficient.

■ It is well settled that a motion to dismiss a petition admits, for the purpose of the motion, the truth of all facts well pleaded therein and any inferences fairly deducible from the facts stated, and we construe the petition favorably to the plaintiff giving him the benefit of every reasonable and fair intendment in view of the facts alleged. Martin v. Potashnick, 358 Mo. 833, 217 S.W.2d 379; Bedell v. Daugherty, 362 Mo. 598, 242 S.W.2d 572, 574; Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo.Sup., 246 S.W.2d 742, 744.

■ The question presented is whether the facts stated invoke the application of principles of substantive law which would entitle plaintiff to the relief he seeks. Gerber v. Schutte Inv. Co., 354 Mo. 1246, 1252, 194 S.W.2d 25, 28(4–7). Neither in oral argument, nor in the appellant's brief has there been any suggestion that the facts stated in the petition could support a claim for relief on any theory except on the theory of a resulting trust.

■ "A resulting trust, as distinguished from an express trust, is one implied by law from the acts and conduct of the parties and the facts and circumstances which at the time exist and attend the transaction out of which it arises." Little v. Mettee, 338 Mo. 1223, 93 S.W.2d 1000, 1009 (8, 9).

■ "As between strangers, a purchase-money resulting trust arises against the grantee of real property in favor of the payor of the purchase money unless it was the payor's intent that no such trust should arise; but the presumption of a resulting trust is rebuttable. * * * This presumption is based upon the sound principle that, absent evidence to the contrary, it is not the intent of any such payor to make a gift to the grantee." Ferguson v. Stokes, Mo.Sup., 269 S.W.2d 655, 656, 659. And see Parker v. Blakeley, 338 Mo. 1189, 93 S.W.2d 981, 988; Jankowski v. Delfert, 356 Mo. 184, 201 S.W.2d 331, 334; James v. James, Mo.Sup., 248 S.W.2d 623, 627; Carr v. Carroll, Mo.Sup., 178 S.W.2d 435.

■ "But, if the husband pays the consideration for the property and has the conveyance made to his wife, in the absence of evidence to the contrary, it will be presumed that he intended it as a settlement upon his wife. But this is a rebuttable presumption, and, if all the facts and circumstances show that no such settlement was intended, then the presumption of a settlement in favor of the wife is rebutted, and she will hold the property in trust for her husband, if he has paid for the same, just as if she were a third party." Thierry v. Thierry, 298 Mo. 25, 249 S.W. 946, 952. And see Viers v. Viers, 175 Mo. 444, 453, 75 S.W. 395.

Among the cases relied upon by appellant are the following: Clark v. Clark, 322 Mo. 1219, 18 S.W.2d 77; James v. James, supra; and Jankowski v. Delfert, supra.

■ The applicable rule for determining the sufficiency of the petition in this case is well stated in 65 C.J. 1042, Trusts, Sec. 972(3) as follows: "Where a resulting trust is sought to be established and

enforced, the bill, complaint, or petition must allege with distinctness and precision all the essential facts from which the trust is claimed to result, such as the fact that the purchase money, or a portion thereof, of property the title to which was taken in the name of defendant, was paid by plaintiff, or the person through whom he claims, including the amount or proportion of such payment; and, where the fact is material, that he did not know of, or consent to, the conveyance being made to the alleged trustee, and as to the description of the property in which the trust is claimed; but it is unnecessary to allege that the alleged trustee had promised or agreed to convey to plaintiff, as such obligation arises as a matter of law. In accordance with these rules there must be clear, explicit, and unequivocal allegations of all the essential facts to establish a trust in a husband in property purchased, wholly or partially, with his funds, and title to which is taken in the name of his wife * * *."

 In seeking to recover upon the theory of a resulting trust the facts "must be pleaded and proven in detail—this for the reason that the trust must arise from the facts existing at the time title to the land was acquired; and cannot be created subsequently by the expenditure of the claimant's money in improving the property * * *." Clubine v. Frazer, 346 Mo. 1, 139 S.W.2d 529, 532. And see Stephenson v. Stephenson, 351 Mo. 8, 171 S.W.2d 565, 569(4).

 It will be noted that plaintiff did not allege the amount or proportion of his alleged payment on the purchase price of the described property. The allegation is "that plaintiff furnished all the first or down-payment and signed all the notes and mortgages for the balance * * *." Neither the amount paid,, nor the total purchase price of the property is indicated. Further, the allegations of the petition indicate and the appellant admits that, aside from the down-payment in some amount which was paid by plaintiff, the balance of the purchase price was paid by the delivery of notes signed by plaintiff and

his said wife and secured by a deed of trust on the property conveyed to the wife. While it is further alleged that plaintiff made the payments on the said notes signed by himself and wife and that he bore all the expenses incident to the purchase of the property, there is no allegation as to the amount paid, except that a balance of $400 was paid from the proceeds of a new loan upon the property, which loan was evidenced by the notes of plaintiff and defendant and secured by their joint deed of trust on the described property. The allegations of the petition therefore show no more than that at the time the described property was purchased and title taken in the wife's name, the plaintiff husband made a payment in some amount on the purchase price and joined with his wife in executing notes and a deed of trust for the balance of the purchase price. Regardless of the allegations concerning subsequent payments in some unspecified amounts by plaintiff, it clearly appears that at the time the deed was made and title placed in defendant-wife, the plaintiff had not paid the purchase price, nor is it alleged that he had paid any definite and fixed portion of such purchase price, nor that he had assumed the sole and unconditional obligation to pay any remaining balance of such purchase price and had subsequently paid the same.

It is well settled that "a resulting trust must arise, if at all, at the instant the deed is taken. Unless the transaction is such that the moment the title passes the trust results from the transaction itself, then no trust results. It cannot be created by subsequent occurrences." Bender v. Bender, 281 Mo. 473, 220 S.W. 929, 930 and authorities there cited; Hiatt v. Hiatt, Mo.Sup., 168 S.W.2d 1087; Lehr v. Moll, Mo.Sup., 247 S.W.2d 686; 65 C.J. 371, Trusts, Sec. 145.

 The allegations of the petition that only a down-payment in some unstated amount was paid by plaintiff out of his own funds on the purchase price of the described property before the deed was made to the defendant-wife were indefinite, uncertain and insufficient. It is fur-

ther apparent that the allegations of the petition concerning plaintiff's payment of installments of principal and interest on the notes executed by himself and wife do not aid appellant. These payments were made subsequent to the time that title was vested in the defendant-wife, respondent herein. Nor is appellant aided by the further rule, to wit, that "where one person pays the whole or a part of the purchase price of land, and the contract or title is taken in the name of a third person, a resulting trust is created in behalf of the person paying said purchase money, in proportion to the amount so paid." Price v. Rausche, Mo.Sup., 186 S.W. 968, 971; Stevenson v. Smith, 189 Mo. 447, 466, 88 S.W. 86; Shelby v. Shelby, 357 Mo. 557, 209 S.W.2d 896, 899; 2 Restatement, Trusts, Sec. 454; 65 C.J. 397, Trusts, Sec. 163. As stated, the petition contains no allegation as to the total purchase price or the proportionate amount paid by plaintiff thereon. A resulting trust in no particular proportionate share in the real estate is claimed, nor does such appear from the facts stated in the petition.

Appellant relies upon Clark v. Clark, supra, 18 S.W.2d 77, 81, where the husband furnished the purchase price and had the deed made to his wife for convenience, but without any intention of vesting any title or interest in his wife. And see Thierry v. Thierry, supra, 249 S.W. 946, 952. In the Clark case, 18 S.W.2d 77, 81, the court said: "True, there is a presumption that, when Hamlet Clark purchased the town property with his own money, and caused it to be conveyed to his wife, he intended the conveyance as a provision for his wife, but such presumption is rebuttable, and was overcome, we think, by proof of a contrary intention." That case did not involve the sufficiency of the petition. This court after reviewing certain evidence said: "From these and other attending facts and circumstances, it clearly appears that he (the husband) did not intend to give the town property to his wife at the time the title thereto was taken in her name, and therefore a trust resulted in his favor at that time." The case does not aid appellant on the record here. The same is true of the case of James v. James, supra, where the action was brought, tried and decided upon the theory of a resulting trust and the evidence was reviewed on appeal and the judgment affirmed. Nor does the case of Jankowski v. Delfert, supra, aid appellant. In that case the cause was tried on its merits and this court held that plaintiff's case should be considered in the light of the evidence and not confined strictly to the petition, where certain evidence was offered and admitted without objection that it was not competent under the pleadings. Nor do the other cases cited aid appellant on the present record.

Since proof of the facts stated in the petition would not have authorized or supported a finding and judgment that a resulting trust came into existence and the defendant-wife by reason of the circumstances alleged held the legal title in trust for plaintiff, the judgment of dismissal should be affirmed.

It is so ordered.

All concur.